**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| The Executive Office | ) | |
| Office of the Legal Adviser, Suite 5.600 | ) | |
| 600 19th Street NW | ) | |
| Washington, DC 20522, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of State ("State Department") is an agency of the U.S. Government headquartered at 2201 C Street, N.W., Washington, DC 20520. The State Department has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On March 10, 2021, Plaintiff sent a FOIA request to the State Department, via the State Department's online electronic FOIA submission system, seeking access to the following:

> **1. Any and all cables/teletypes, emails, or other messages sent or received by any official or employee of the Department of State assigned to the U.S. Embassy in Beijing or any Consulate in China regarding, concerning, or related to the Wuhan Institute of Virology and/or the origins of the SARSCoV-2 virus.**
>
> **2. Any and all records regarding, concerning, or related to any meetings between any official, employee, or representative of the Department of State and any official, employee, or representative of the Wuhan Institute of Virology. This request includes, but is not limited to, any and all briefing materials, notes, reports, or other records produced in preparation for, during, and/or pursuant to any such meeting.**
>
> **3. Any and all talking points, summaries, reports, or similar documents prepared for or otherwise utilized in preparation for former Secretary Pompeo's appearance on ABC's "This Week" in May 2020.**

The time frame for the requested records was identified as "June 1, 2017 to the present."

6. By email dated March 11, 2021, the State Department acknowledged receipt of the request on March 10, 2021 and indicated that the request had been assigned FOIA reference number Ref: F-2021-03801. The State Department's acknowledgement asserted that it was invoking FOIA's 10-day extension of time provision due to "unusual circumstances."

7. As of the date of this Complaint, State Department has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11. Plaintiff has no adequate remedy at law.

12. To trigger FOIA's administrative exhaustion requirement, Defendant State Department was required to make a final determination on Plaintiff's request by April 21, 2021 at the latest. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive

- 4 -

records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  June 3, 2021                                    Respectfully submitted,

/s/ *James F. Peterson*
JAMES F. PETERSON
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5175
Email:  jpeterson@judicialwatch.org

*Counsel for Plaintiff*